**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
————————————————————————

**JUSTIN SAMUELS,**

                **Plaintiff,**          **24-cv-1946 (JGK)**

      **- against -**          <u>**MEMORANDUM OPINION AND**</u>
                                                            <u>**ORDER**</u>

**CORNELL TECH, ET AL.,**

                **Defendants.**
————————————————————————

**JOHN G. KOELTL, District Judge:**

The <u>pro se</u> plaintiff, Justin Samuels, brought this action against Cornell Tech ("Cornell") and the City University of New York ("CUNY"), alleging that the defendants participated in Break Through Tech programs that discriminated against the plaintiff based on sex, sexual orientation, and gender identity, in violation of Titles VI and VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000d <u>et seq.</u> and §§ 2000e <u>et seq.</u>, respectively, Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681 <u>et seq.</u>, the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290 <u>et seq.</u>, and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code §§ 8-101 <u>et seq.</u>

CUNY now moves to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Cornell contends that the plaintiff has failed to effect service on Cornell but joins in full CUNY's motion to dismiss. For the

reasons explained below, the defendants' motion to dismiss is **granted** and the complaint is **dismissed without prejudice**.

## I.

Unless otherwise noted, the following facts are taken from the plaintiff's complaint ("Compl."), ECF No. 1, and his brief in opposition to CUNY's motion to dismiss, ECF No. 23,[1] and are accepted as true for purposes of the present motion to dismiss.[2]

## A.

Break Through Tech is an organization that "operates at the intersection of academia and industry to create new pathways into tech degrees and careers for women and non-binary undergraduates from diverse backgrounds." Compl., Ex. 3 at 1, ECF No. 1-3; see also id., Ex. 1, ECF No. 1-1. "Break Through Tech's national office is located in New York City on the Cornell Tech campus." Id., Ex. 2 at 2, ECF No. 1-2. Break Through Tech currently offers two programs: "a Computing Program and an AI Program." Id. "Both have affiliate sites located on college and university campuses across the United States." Id.

The "AI Program helps women and non-binary students gain the skills they need to get jobs in . . . data science, machine learning, and artificial intelligence." Id. at 3. "The AI

---

[1] "A district court deciding a motion to dismiss may consider factual allegations made by a pro se party in his papers opposing the motion." Walker v. Schult, 717 F.3d 119, 122 n.1 (2d Cir. 2013).

[2] Unless otherwise noted, this Memorandum opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

Program is currently offered in New York, Boston, and Los Angeles or virtually to students [located elsewhere]." Id. at 4.

The Computing Program "encourage[s] women and non-binary students to enter the tech academic pipeline." Id. at 5. The Computing Program consists of "workshops for incoming [college] students," an abbreviated internship program, and other "career readiness" and "community-building" opportunities. Id. at 5-6. "The Computing Program is offered in New York City, Chicago, and [the District of Columbia]." Id. at 6.

**B.**

The plaintiff, Justin Samuels, identifies as "a Black man with a deep interest in technology." Compl. 1. The plaintiff alleges that Cornell and CUNY participated in and offered Break Through Tech programs that excluded "straight and gay men" and applied "racial preferences[]" in "admissions and employment." Id. at 2.

The plaintiff alleges that "upon reviewing the [Break Through Tech] program's website, [he] was dismayed to discover that [he] [is] precluded from applying due to its discriminatory policies. The program explicitly states that it is only open to women, transgender individuals, and non-binary individuals, effectively excluding straight and gay men from participation." Id. at 1. Based on these policies, the plaintiff contends that CUNY and Cornell "blatantly discriminate against men, including

3

gay men like [him]self, . . . and the exclusion based solely on
sex has harmed [him] personally." Pltf's Opp. ("Opp.") 1, ECF
No. 23. However, the plaintiff does not allege that he ever
applied to any program offered by Cornell or CUNY. <u>See</u> Compl. at
1-2. Nor does the plaintiff allege that he is a college student.
<u>See</u> Compl. at 1-2; Opp. at 1-3. Instead, the plaintiff states
merely that he was "particularly interested in the opportunities
offered by the [Break Through Tech] programs," <u>id.</u> at 1, and
contends that it was "futile for [him] to apply because [he]
w[ould] be rejected solely due to [his] sex," Opp. 1.

**C.**

On March 14, 2024, the plaintiff filed this action. ECF No.
1. CUNY now moves to dismiss the complaint for lack of subject-
matter jurisdiction pursuant to Rule 12(b)(1) and for failure to
state a claim pursuant to Rule 12(b)(6) of the Federal Rules of
Civil Procedure. ECF No. 19. Cornell contends that the plaintiff
has failed to effect service on Cornell but joins in full CUNY's
motion to dismiss the complaint. ECF No. 22.

**II.**

**A.**

To prevail against a motion to dismiss for lack of subject-
matter jurisdiction under Rule 12(b)(1), the plaintiff bears the
burden of proving the Court's jurisdiction by a preponderance of
the evidence. <u>Makarova v. United States</u>, 201 F.3d 110, 113 (2d

Cir. 2000). In considering such a motion, the Court generally must accept as true the material factual allegations in the complaint. See <u>J.S. ex rel. N.S. v. Attica Cent. Schs.</u>, 386 F.3d 107, 110 (2d Cir. 2004). However, the Court does not draw all reasonable inferences in the plaintiff's favor. <u>Id.</u> Indeed, where jurisdictional facts are disputed, the Court has the power and the obligation to consider matters outside the pleadings to determine whether jurisdiction exists. See <u>Kamen v. Am. Tel. & Tel. Co.</u>, 791 F.2d 1006, 1011 (2d Cir. 1986). In so doing, the Court is guided by the decisional law that has developed under Rule 56. See <u>id.</u>

**B.**

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court must accept the allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. <u>McCarthy v. Dun & Bradstreet Corp.</u>, 482 F.3d 184, 191 (2d Cir. 2007). The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." <u>Goldman v. Belden</u>, 754 F.2d 1059, 1067 (2d Cir. 1985).

To survive a motion to dismiss, the plaintiff's complaint must contain "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S.

544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id.

When presented with a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider documents that are referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, or matters of which judicial notice may be taken. See Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002).

The Court must construe pro se pleadings liberally, Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006) (emphasis in original). However, a pro se litigant is not exempt "from compliance with relevant rules of procedural and substantive law." Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983).

**III.**

At the threshold, the defendants argue that the plaintiff lacks Article III standing to assert any of the claims alleged in the complaint. CUNY Mem. 1, ECF No. 20; Cornell Ltr. 1, ECF No. 22; CUNY Rep. 1, ECF No. 24.

Article III of the United States Constitution "confines the federal judicial power to the resolution of 'Cases' and 'Controversies.'" TransUnion LLC v. Ramirez, 594 U.S. 413, 423 (2021). For there to be an Article III case or controversy, the plaintiff must have standing. Id. The "irreducible constitutional minimum of standing contains three elements:" (1) injury in fact, (2) causation, and (3) redressability. Lujan v. Defs. of Wildlife, 504 U.S. 555, 560-61 (1992). "The plaintiff, as party invoking federal jurisdiction, bears the burden of establishing these elements," Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016). At the pleadings stage, "the complaint's factual allegations of standing must be plausible and nonconclusory." Lugo v. City of Troy, 114 F.4th 80, 87 (2d Cir. 2024).

"Ordinarily, to establish standing to challenge an allegedly discriminatory program, a plaintiff must apply to that program." Do No Harm v. Pfizer Inc., 126 F.4th 109, 118 (2d Cir. 2025). "But a plaintiff need not go through the motions of formally applying when that would be a futile gesture." Id. "In

such circumstances, a plaintiff need only demonstrate that they are able and ready to apply, but a discriminatory policy prevents them from doing so on equal footing." Id.

In this case, the plaintiff has failed to demonstrate Article III standing to sue CUNY and Cornell. The plaintiff has not alleged that he was able and ready to apply to the programs offered by CUNY and Cornell in partnership with Break Through Tech. Rather, the plaintiff's assertions "suggest[] an abstract, generalized grievance, not an actual desire to" apply to the programs offered by CUNY and Cornell. See Carney v. Adams, 592 U.S. 53, 63 (2020); Samuels v. New York City, No. 23-cv-10045, 2024 WL 3742544, at *2 (S.D.N.Y. Aug. 9, 2024). Such "words of general intent" are insufficient to demonstrate standing. See Carney, 592 U.S. at 64.

Moreover, "[a]pplicants who fail to meet the basic eligibility requirements . . . cannot demonstrate that they suffered a particularized personal injury . . . ." Houser v. Pritzker, 28 F. Supp 3d. 222, 237 (S.D.N.Y. 2014). The programs offered by CUNY and Cornell in partnership with Break Through Tech are available only to college students. Compl., Exs. 1–3. However, the plaintiff does not allege that he was a college student when this action was brought, much less that he was a college student at CUNY or Cornell. Indeed, the plaintiff stated that he lived in Portugal when he filed this action. ECF No. 1.

Then, three months later, the plaintiff indicated that he resides in Alabama. ECF No. 6. Accordingly, the plaintiff lacks Article III standing to sue the defendants. See Do No Harm, 126 F.4th at 118. Therefore, the plaintiff's claims against CUNY and Cornell are **dismissed without prejudice** for lack of standing.

### IV.

Because the complaint must be dismissed for lack of Article III standing, it is unnecessary to reach the defendants' other arguments for dismissal.

### CONCLUSION

The Court has considered all of the parties' arguments. To the extent not specifically addressed, those arguments are either moot or without merit. For the foregoing reasons, the defendants' motion to dismiss is **granted** and the complaint is **dismissed without prejudice.**

The plaintiff "can amend his complaint to properly allege his standing to sue if he can do so truthfully." Samuels, 2024 WL 3742544, at *2. The time for the plaintiff to file an amended complaint is **March 24, 2025**. If the plaintiff does not file an amended complaint by that date, this case will be closed.

The Clerk is directed to close ECF Nos. 19 and 22.

**SO ORDERED.**

Dated:    New York, New York
          March 10, 2025

                                    John G. Koeltl
                            United States District Judge